PIERCE, Judge.
This is a case wherein appellant Willie J. Darden appeals to this Court a judgment of conviction, based upon a jury verdict finding him guilty of the offense of assault with intent to commit rape.
Two points are urged here for reversal: (1)failure of the Court to instruct the jury on the lesser offense of exposure of sexual organs as proscribed by F.S. § 800.03, F.S.A., and (2) sufficiency of the evidence to convict of the offense charged. There is no merit to either point, and we accordingly affirm.
There was no error in the Court failing to charge on the offense defined by F.S. § 800.03 F.S.A., which makes it a misdemeanor for any person “to expose or exhibit his sexual organs in any public place or on the private premises of another”. No case is cited holding that such misdemeanor.-offense is included within the felony offense of assault with intent to commit rape; certainly it is not necessarily so. It is quite logical that a person could be convicted of the felony charge without ever exposing or exhibiting his private parts. The felonious assault could quite conceivably be perpetrated upon the victim with the requisite intent present to commit rape without the perpetrator ever actually exposing himself. The necessary intent could be inferred from any number of acts, statements, or conduct on the part of the perpetrator without the criminal act proceeding to the point of bodily exposure. And the failure to so expose could be brought about by any number of reasons such as imminent apprehension, etc.
But aside from the proposition that a lesser misdemeanor charge is not necessarily included within the felony charge upon which he was tried, the point was not preserved at the trial so as to be open for consideration here. No objection by defendant was made to the charges actually given, nor was there any instruction on the misdemeanor charge requested. Such written request is requisite in order to preserve the point for appellate review.
On the question of the sufficiency of the evidence, the record here contains abundant proof of the offense of which he was convicted. The prosecutrix, a woman seventy years of age, had just stepped from her morning bath when she heard a noise at her apartment door. Opening the door expecting to find her husband there, she found Darden instead, who thereupon forcibly intruded himself, locked the door from the inside, and then struck her vio *487 lently in the face. She lost consciousness, but momentarily “came to” while she was on the floor, and he was choking her. She further testified that Darden, while she was still on the floor, tore open her bathrobe, unzippered his pants, exposed his private parts to her, and was attempting to pull her legs apart when she screamed. Neighbors came to her door in response, whereupon Darden jumped up and after unsuccessfully trying to find' egress- from the room away from the door, ran out of the room through the door, passed people gathered at the door. He was apprehended shortly thereafter “standing at his car down the street”. Other evidence corroborated the prosecutrix’s version, including latent fingerprints from the room which were identified as those of Darden. The evidence was abundant to sustain the verdict and judgment.
Affirmed.
HOBSON, A. C. J., and MANN, J., concur.